## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RICK LEON,

       Plaintiff,

vs.                                                                          No. CIV 07-0467 JB/WDS

MIKE KELLY and GARY GOODMAN,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Summary Judgment No. 2, to Dismiss Complaint on Basis of Plaintiff's LLC Claim, and Memorandum of Law in Support, filed June 23, 2008 (Doc. 40)("Motion for Summary Judgment"). The Court held a hearing on September 9, 2008. The primary issue is whether the Court should enter judgment on behalf of Defendants Mike Kelly and Gary Goodman because Plaintiff Rick Leon has admitted to having only an oral agreement to form a limited liability company ("LLC"), which can only be formed by filing with the state, and not to having a partnership agreement. For the reasons stated at the hearing, for further reasons consistent with those already stated, and because the Court finds that there is a genuine dispute whether there was an oral partnership agreement or an agreement to create a limited liability company, the Court will deny the Defendants' motion for summary judgment.

## FACTUAL BACKGROUND

This case arises out of a dispute over the acquisition and development of the Winrock Center in Albuquerque, New Mexico. America's Place Partners LLC, a company that Goodman and Kelly formed, purchased the Winrock Center. Leon contends, however, that he and Kelly were in a partnership whose purpose was to buy the Winrock Center, and that Kelly and Goodman froze him

out of the deal. The Court has already discussed much of the background of this case in greater detail elsewhere. See Memorandum Opinion and Order at 1-6, entered October 23, 2008 (Doc. 59). No additional facts are important to this motion, as it does not depend upon any factual issues per se, but upon the interpretation of deposition testimony.

**PROCEDURAL BACKGROUND**

The Defendants move the Court to dismiss this case on the grounds that Leon's claims are all based on Leon having an oral partnership agreement with Kelly. During his deposition, the Defendants contend, Leon testified that he never thought he was in a partnership, but was going to form an LLC, which cannot be created through oral agreement. See Motion for Summary Judgment at 1. The Defendants contend that this admission requires the Court to dismiss the Complaint.

The Defendants first note that Leon's Complaint is based upon the existence of a partnership agreement between Leon and Kelly to acquire the Winrock Center. See Motion for Summary Judgment ¶ 2, at 2. The Defendants then maintain that, during his deposition, Leon was shown several written agreements that referenced "Americas Place Partners, LLC, a New Mexico Limited Liability Company to be formed" as the purchaser of the Winrock Center. See Motion for Summary Judgment ¶ 5, at 2. Upon being showing the documents, the following discussion ensued:

> Q Did anyone ever tell you that you were going to be a *member* at Americas Place Partners, LLC?
>
> A Yes.
>
> Q Did you hear what I said, Americas Place Partners, LLC?
>
> A Yes.
>
> Q That is not a *partnership*. You have been talking about a partnership during this deposition. Did you ever discuss Americas Place, LLC, with anyone?
>
> A Yes.

> Q Who?
>
> A Mike Kelly.
>
> Q When?
>
> A Around the middle of October.
>
> Q So, now, you're saying it was an LLC, not a partnership?
>
> A Oh, I understood it was an LLC. *I knew all along it was an LLC*. In fact, he said it is Americas Place Partners, LLC.

Id. at 2-3 (quoting Leon Depo. at 155:8-156:2)(emphasis in Motion for Summary Judgment). The Defendants interpret this testimony to mean that Leon never believed he was in a partnership, requiring a dismissal of the case. The Defendants note that Leon never amended his Complaint to correct this alleged deficiency and that, while there is legal authority for oral partnerships, LLCs cannot be created through an oral agreement. See Motion for Summary Judgment at 5.

Leon counters that both his and Kelly's deposition testimony contains "countless statements about the terms of the partnership and what the partnership was going to be." Response to Defendant's Motion for Summary Judgment ¶ 8, at 6, filed June 30, 2008 (Doc. 42)("Response"). Leon lists or cites a number of examples of deposition testimony referring to partners or partnership. See id. ¶¶ 1-7, at 1-6. Leon notes that the LLC was formed over four months after the alleged formation of the partnership in October. See id. ¶ 9, at 7. Leon also maintains that it was not "an LLC to begin with . . . but was a partnership." Id.

The Defendants assert that Leon's Response is insufficient to carry his burden on summary judgment. They contend that Leon has failed to controvert any of their statements of undisputed facts and thus all their facts are deemed admitted. See Defendants' Reply in Support of Their Motion for Summary Judgment No. 2, to Dismiss Complaint on Basis of Plaintiff's LLC Claim,

filed July 24, 2008 (Doc. 45)("Reply").  The Defendants argue that Leon "raises an entirely new legal theory in his Response, with not a shred of evidence to support it."  Reply at 3.  According to the Defendants, Leon is now asserting, without support, that he had an agreement to form an LLC at some point in the future.  See id.  The Defendants also contend that the Response contains a number of mistakes, misconstrues deposition testimony, and fails to cite any legal authority.  See Reply at 4-6.

At the hearing, the Court asked Thomas L. Grisham, Leon's counsel, to explain what his theory of the case was: whether there was a partnership or a partnership then an LLC, or something else.  See Transcript of Hearing at 5:18-23 (taken September 9, 2008)(Court)("Tr.").  Mr. Grisham stated that the parties originally understood that there would be a partnership and then later an LLC would be formed.  See id. at 5:24-6:14 (Grisham).  John M. Eaves stated that this interpretation was undercut by Leon's own affidavit, which referred to the partnership as being the acquiring vehicle.  See id. at 38:14-39:8 (Court & Eaves).[1]  In response, Mr. Grisham clarified that an LLC was not the original vehicle for the purchase and stated that Leon has consistently held to one position: that Leon and Kelly had a partnership, but had not worked out all the details on how the Winrock Center was going to be acquired.  See id. at 45:14-46:5 (Court & Grisham).

## ANALYSIS

The resolution of this motion turns on a single issue: whether Leon's deposition testimony that he "knew all along it was an LLC" amounts to an admission that he was never in a partnership agreement with Kelly.  If it is such an admission and there was never any partnership agreement,

---

[1] The affidavit to which Mr. Eaves referred is the affidavit attached to a response to a later motion for summary judgment.  See Exhibit 1 to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment No. 3 as to All Claims Asserted Against Defendant Gary Goodman, filed July 25, 2008, Affidavit of Rick Leon (executed July 24, 2008)(Doc. 46-2).

then the case should be dismissed, the Defendants maintain, because an LLC cannot be formed by an oral agreement.  On the other hand, if the testimony is consistent with the remainder of Leon's testimony and his Complaint, then the statements to which the Defendants point create only a dispute of material fact at most.  The Court concludes that Leon's statements about LLCs, considered in light of his testimony as a whole, and drawing reasonable inferences in his favor, does not show that he was never in a partnership agreement.  There is therefore a dispute of material fact on this issue, and the Court will deny summary judgment.

The documents that provoked Leon to state that he "knew all along it was an LLC" are agreements dated January 2007 that Kelly and Goodman had signed.  Even in the context of the short span of testimony on which the Defendants focus, it is not clear that Leon is referring to his partnership with Kelly as actually having been an LLC from the start.  At best, for the Defendants, what this portion of testimony reveals is that Leon understood his agreement with Kelly to involve eventually forming an LLC as the vehicle for acquiring the Winrock Center.  The testimony refers to him knowing all along that America's Place Partners, LLC, was not a partnership, but an LLC.  The testimony does not state, however, that Leon understood America's Place Partners to constitute the whole of his relationship with Kelly.  See Deposition of Rick Leon at 155:8-156:2 (taken December 5, 2007)(Doc. 40-3)("Leon Depo.").[2]  Mr. Eaves stated, during the deposition and immediately after Leon's statements, that he thought Leon was changing his testimony.  See id. at 156:3-6 (Doc. 40-3).  This provoked a dispute between the parties for both sides.  Leon sought to clarify his understanding, but the parties' attorneys decided to move on.  See id. at 156:7-157:25

---

[2] Portions of deposition testimony to which the Court cites appears in the Motion for Summary Judgment and the Response.  The Court notes the testimony attached to the Motion for Summary Judgment as "(Doc. 40-3)."

(Doc. 40-3). Later in his testimony, Leon described how he tried to become a member or partner in the entity that was going to purchase the Winrock Center, because he felt he had been wrongfully excluded from the process. See id. at 170:19-171:5.

In addition to the ambiguity inherent in Leon's statements about LLCs, those statements must be viewed against the backdrop of Leon's other testimony. Leon testified extensively that he was in a partnership with Kelly. He testified that he had a handshake partnership agreement with Kelly. See Deposition of Rick Leon at 96:3-11 (taken December 5, 2008)(Doc. 42-2)("Leon Depo."). He testified that, while his partnership agreement was oral, he had sought to have the agreement reduced to writing, although it ultimately never was. See id. at 104:4-105:18. Leon told Goodman that he believed that he had a partnership deal with Kelly. See id. at 115:12-15 (Doc. 40-3). After Leon made the LLC statements on which the Defendants focus, both Leon and Mr. Eaves, who was examining Leon, referred again to Leon's alleged arrangement with Kelly as being a partnership. See id. at 170:19-171:5. The partnership included terms of ownership for the Winrock Center, according to Leon's testimony, but did not necessarily state that a particular vehicle would be used to purchase the Winrock Center.

In sum, read in context, the Court cannot conclude that Leon's testimony must be understood to be an admission that he was never in a partnership agreement with Kelly. There are other reasonable interpretations of that testimony that do not result in bringing the testimony in conflict with the remainder of Leon's testimony. Moreover, the Court must draw all reasonable inferences in favor of Leon, the non-moving party. See Pignanelli v. Pueblo School Dist. No. 60, 540 F.3d 1213, 1216 (10th Cir. 2008)("Summary judgment should only be granted where, taking the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law."). Given the standard for summary

judgment, the ambiguity in Leon's testimony, and the fact that, with the exception of this isolated statement, the remainder of Leon's testimony before the Court seems to unambiguously refer to a partnership agreement, the Court cannot conclude that Leon has admitted to never being in a partnership with Kelly.  A genuine dispute of material fact remains regarding that issue.  The Court will therefore deny summary judgment.

**IT IS ORDERED** that the Defendants' Motion for Summary Judgment No. 2, to Dismiss Complaint on Basis of Plaintiff's LLC Claim, and Memorandum of Law in Support, is denied

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Thomas L. Grisham
Stephen F. Lawless
Grisham & Lawless P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

John M. Eaves
Karen S. Mendenhall
Eaves & Mendenhall, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendants*