IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICK LEON,

        Plaintiff,

vs.                                                                                                          No. CIV 07-0467 JB/WDS

MIKE KELLY and
GARY GOODMAN,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion and Memorandum to Compel or to Prevent Witness Silverman From Testifying in Certain Areas, filed January 8, 2009 (Doc. 77)("Motion"). Although the Defendants have not filed a response and the Court has not heard argument on the motion, the Court has the information it needs to rule. The primary issues are: (i) whether the Court should compel the Defendants' designated expert, Paul Silverman, to produce copies of pro formas that he has written or prepared within the past seven years; and (ii) whether, if the Court does not grant the motion to compel, the Court should prevent Silverman from testifying for failure to bring such pro formas, which he was requested to bring to his deposition. Because the trial is less than a week away, because the discovery deadline has long passed, because the deadline for filing discovery motions has long passed, and because the Court does not believe that the information sought is that important, the Court will deny the motion.

## PROCEDURAL BACKGROUND

In the notice to take deposition duces tecum, Plaintiff Rick Leon requested that Silverman bring all pro formas that he prepared for commercial development within the past seven years. See

Exhibit A to Motion, Amended Notice of Deposition Duces Tecum ¶ 8, at 2, filed January 8, 2009 (Doc. 77-2)("All pro formas you have prepared for commercial development in the past 7 years."). The Plaintiffs set the deposition for September 24, 2008.  Silverman did not file a motion for protective order, nor did he produce any pro formas.

Leon now moves the Court to compel Silverman to produce copies of pro formas that he has prepared, or alternatively, to prevent Silverman from testifying.  The essence of Silverman's proposed testimony is that Leon's pro formas do not meet the standards that Silverman contends that such pro formas should have met.  Leon argues that he needs Silverman's pro formas to test Silverman's testimony on cross-examination by reviewing the pro formas Silverman has prepared. See Motion at 1.  Without these pro formas, Leon contends, he would be placed at an unfair disadvantage in cross-examining Silverman.  See id. at 2.

## ANALYSIS

Leon knew that Silverman had not produced any pro formas that he had prepared as early as September 24, 2008, when Leon took Silverman's deposition.  Moreover, Leon let the discovery deadline pass and the time for filing discovery motions pass without filing a motion to compel.  If Leon wanted Silverman's pro formas for cross examination, he should have sought them in a timely manner.  It is now time for trial, not for further discovery.

Leon contends that, because Silverman never filed a motion for protective order, he should have produced the pro formas.  But the burden lies on both parties here to bring the issue to the Court's attention.  If Leon wanted the documents, he should have filed his motion to compel in a timely manner, instead of waiting until the eve of trial.  For all the Defendants or the Court knew, Leon had asked for the documents, but did not consider them so important that he needed to expend energy asking the Court to compel their production.

Leon also contends that Silverman's failure to produce his pro formas will cause him unfair disadvantage when he seeks to test Silverman's opinions. The Court disagrees. The point that Leon is attempting to make is that Silverman, in his work, did not do the things that Silverman criticizes Leon for not doing. Leon may ask Silverman whether his pro formas met the requirements he says Leon's pro formas should have met and receive an answer under oath. Even if Leon had the documents in hand, the Court would be reluctant to have Leon start introducing documents to impeach Silverman's testimony. While the Court will let Leon explore this issue at trial, the Court would likely see Silverman's actual practice to be collateral to the issues at trial. Hence, Leon is not in a significantly different position without the documents as he would have been with them. Accordingly, any prejudice to Leon is minimal. Because Leon will not be significantly disadvantaged by not having Silverman's pro formas, and because Leon's motion is untimely, the Court will deny the motion.

**IT IS ORDERED** that the Motion and Memorandum to Compel or to Prevent Witness Silverman From Testifying in Certain Areas is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Thomas L. Grisham
Stephen F. Lawless
Grisham & Lawless, PA
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

John M. Eaves
Karen S. Mendenhall
Eaves & Mendenhall, PA
Albuquerque, New Mexico

    *Attorneys for the Defendant*